## G. C. Glover v. The State.

### No. 74. Decided November 3, 1909.

**1.—Swindling—Indictment.**

See opinion for indictment for swindling, which is held to be sufficient. Following Moore v. State, 20 Texas Crim. App., 233.

**2.—Same—Sufficiency of the Evidence—Requested Charge.**

Where, upon trial for swindling, the indictment was sufficient, and the allegations therein supported by the evidence, the court properly refused a requested charge to instruct the jury to find the defendant not guilty.

**3.—Same—No Variance Between Allegation and Proof.**

Where, upon trial for swindling, the indictment charged that the defendant gave a worthless check to a certain person named therein in payment for some goods, and the evidence sustained this allegation, the court properly refused a requested charge to acquit the defendant if there was a reasonable doubt that the check was so delivered to such person, there being no controversy as to this matter.

**4.—Same—Allegation and Proof.**

Where, upon trial for swindling, the indictment charged that the defendant said that he had money in a certain bank, upon which he gave a worthless check, there was no error in sustaining this allegation, with the proper evidence, and introducing in evidence the check; besides, the State's witness had already testified that defendant gave him the check.

**5.—Same—Incorporation of Bank—Indictment.**

Upon trial for swindling, where the State's evidence showed that the defendant gave a worthless check for some goods sold to him, it was not necessary that the check offered in evidence should show that the bank upon which it was

drawn was incorporated, or that it was a joint stock company, etc.; nor was it necessary that the indictment should so allege.

### 6.—Same—Evidence—Materiality of Testimony.

Upon trial for swindling, there was no error to show that a State's witness was the bookkeeper of the bank upon which the alleged check was drawn and payment was refused.

### 7.—Same—Self-Serving Evidence.

Upon trial for swindling, there was no error in excluding testimony to the effect that the defendant had stated after his arrest that he was under the belief, at the time of drawing the alleged worthless check, that he drew it upon another bank than the one alleged in the indictment.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of swindling; penalty, a fine of $100 and sixty days confinement in the county jail.

Among other things the State proved that the defendant stated at the time of buying the clothes from the prosecuting witnesses that he had money in the bank alleged in the indictment, and that thereupon the owner of the goods wrote up a check against said bank and that defendant signed it in his presence. The defendant on the witness stand testified that he bought said goods as described by the State's witnesses, but that he was under the impression that he gave the check on another bank at Rogers, where he believed he had money on deposit, inasmuch as he had told his mother to deposit his money there, and that it was more than sufficient to cover the bill of goods which he had purchased. He also testified that he was hard of hearing.

The defendant's mother testified that the defendant left with her the sum of $74 with the request to place it in the bank at Rogers, and which was not the bank upon which he had given the check. She as well as defendant's brother testified to this fact, and also to the fact that the defendant was hard of hearing, had poor memory and poor eyesight; and was not bright. Other facts appear in the opinion.

*O. T. Plummer,* for appellant.—On question of admitting evidence as to defendant's statement that he had money on deposit in a certain bank: White v. State, 3 Texas Crim. App., 605; 2 Bishop Crim. Law, 166.

On question of defendant's statements after his arrest; as to his belief that he gave a check on another bank: 24 Am. & Eng. Enc. of Law, 665.

Upon question of rejecting defendant's special charge instructing the jury that the evidence must show that the alleged check was delivered to the person alleged in the indictment: 1 Wharton Am. Crim. Law, sec. 629; 1 Greenleaf on Evidence, sec. 63; Warrington v. State, 1 Texas Crim. App., 168; 29 Am. & Eng. Enc. of Law, 580.

On question of the insufficiency of the indictment: 19 Cyc., pp. 426-428.

F. J. *McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at a fine of $100 and sixty days imprisonment in county jail.

The charging part of the indictment is as follows: "One G. C. Glover in the county of Johnson and State of Texas, did then and there unlawfully devising and intending to secure the unlawful acquisition of certain property, one suit of clothes of the value of twenty-five dollars ($25), one overcoat of the value of twenty-two dollars and fifty cents ($22.50), one pair of shoes of the value of six dollars ($6), one suit case of the value of six dollars ($6), one hat of the value of four dollars ($4), two shirts of the value of two dollars and fifty cents ($2.50), one stickpin of the value of one dollar ($1), one pair of cuff buttons of the value of two dollars and twenty-five cents ($2.25), four collars of the value of fifty cents ($0.50), and the whole of the above described bill of goods amounting to sixty-nine dollars and seventy-five cents, $69.75, then and there the corporal personal property of and belonging to J. H. Douglass, and with the further intent on the part of him, the said G. C. Glover, to appropriate said property when so acquired to his own use, did then and there unlawfully and fraudulently acquire possession of said property from Ed Gregory, who was then and there the agent of the said J. H. Douglas, by means of false and deceitful pretenses, devices and fraudulent representations then and there unlawfully, knowingly and fraudulently made by him to the said E. Gregory, then and there the agent of the said J. H. Douglass as aforesaid in this, to wit: The said G. C. Glover did then and there falsely pretend and fraudulently represent to the said Ed Gregory then and there the agent of the said J. H. Douglass, that he, the said G. C. Glover, had the authority and the right to dispose of a certain check of tenor the following, to wit:

Cleburne, Texas, 12/26, 1908.   No. ......
Farmers and Merchants National Bank,
    Pay to J. H. Douglass .............. or Bearer $69.75, Sixty-Nine and 75/100 Dollars.                    G. C. Glover.

And did falsely pretend and fraudulently represent to the said Ed Gregory, then and there the agent of the said J. H. Douglass, that the said writing obligatory (check), on the Farmers & Merchants National Bank of Cleburne, Texas, was a valid, legal and valuable obligation and did then there, by means of said false pretense and fraudulent representation, fraudulently induce the said Ed Gregory,

then and there the agent of J. H. Douglass, as aforesaid, then and there to sell and exchange his said property for the said pretended writing obligatory (check), as above described, the said check then and there being the corporeal personal property of and belonging to the said G. C. Glover, and by reason of said false pretenses, devices and fraudulent representations so made by the said G. C. Glover to the said Ed Gregory, then and there the agent of J. H. Douglass, he, the said Ed Gregory, then and there the agent of J. H. Douglass, was then and there induced to part with, sell and exchange and did part with, sell and exchange the said property and deliver the title and possession of the same to the said G. C. Glover for, and did receive therefor, from the said G. C. Glover, the said writing obligatory (check), as above described, falsely and fraudulently presented as aforesaid by the said G. C. Glover, as a valid, legal and valuable obligation, whereas, in truth and in fact, the said pretended writing obligatory was not a valid, legal and valuable obligation, for the reason following, to wit: because the said G. C. Glover fraudulently and falsely represented to the said Ed Gregory, then and there the agent of the said J. H. Douglass, that he, the said G. C. Glover, owned six hundred and forty acres of land at Bono, Johnson County, Texas, and that he, the said G. C. Glover, had raised, picked and marketed thirty-five bales of cotton this year A. D. 1908, and the proceeds realized from the said thirty-five bales of cotton was and is deposited in the aforesaid bank, and that the above set out check was a good, legal and valuable check and would be paid when presented to the aforesaid bank for payment. Whereas, in truth and in fact, the said G. C. Glover did not own any land, and did not raise any cotton and did not have credit at the aforesaid bank, and did not then and there have a right to draw a check for sixty-nine dollars and seventy-five cents against said bank and dispose of the same, and the said check so drawn, as aforesaid, by G. C. Glover, was not paid by said bank when presented for payment. And the said pretenses and representations so made and devices as used by the said G. C. Glover to the said Ed Gregory, then and there the agent of the said J. H. Douglass in order to acquire the title and possession of the said property from the said Ed Gregory, then and there the agent of the said J. H. Douglass, as aforesaid were false and fraudulent when so made, and he, the said G. C. Glover, then and there well knew the said pretenses, devices and representations to be false and fraudulent when he made and used them, as aforesaid, against the peace and dignity of the State." See Moore v. State, 20 Texas Crim. App., 233.

1. Appellant's first special charge is as follows: "You are instructed that the indictment in this case does not charge the defendant with any offense and that the evidence does not show or establish any offense against defendant for swindling as mentioned in the

indictment, and you are instructed to return a verdict for defendant and this should be the form of your verdict: 'We, the jury, find the defendant not guilty.'" There was no error in refusing this charge. The evidence supports the allegations in the indictment.

2. Appellant's second special charge is as follows: "The indictment in this case charges defendant with selling and exchanging and delivering a certain check on the Farmers & Merchants National Bank, payable to J. H. Douglass, to one E. Gregory. Now it devolves upon the State to show by the evidence beyond a reasonable doubt that said check was delivered by defendant to Ed Gregory and to no other person, and if you should have a reasonable doubt on this question you will acquit the defendant and so say by your verdict." There is no cavil over the question that the check was delivered to Ed Gregory, clerk of the prosecuting witness Douglass, and, therefore, there was no error in refusing this charge.

3. Bill of exceptions No. 1 complains that on the trial of this case the State was permitted to prove by Ed Gregory that after he had sold the defendant the clothing mentioned in the indictment, as he and defendant were going towards the office he asked defendant after defendant said he wanted to pay for the clothing with a check, if he, the defendant, had money in the bank, and that defendant said, "Yes," and that "the check will be honored," and that "I have got the money." Appellant objected to this on the ground that it was not alleged in the indictment that defendant had represented to Ed Gregory that he had on deposit any money in the Farmers & Merchants National Bank of Cleburne, Texas. The bill is allowed with the explanation that the witness had already testified that the check mentioned above was the check defendant gave witness for the clothing sold him. We see no error in the ruling of the court.

4. Bill of exceptions No. 2 objects to the check offered in evidence, because said check does not show that the Farmers & Merchants National Bank is a corporation, or a joint stock company, or show where it is situated, and that said indictment does not allege that the Farmers & Merchants National Bank is engaged in the banking business in the city of Cleburne, Johnson County, Texas. This was not necessary.

5. Bill of exceptions No. 4 objects to the State proving by Price Allard that he was bookkeeper of the Farmers & Merchants National Bank of Cleburne, and that the original check mentioned and described in the indictment was presented to said bank for payment, and that payment was refused by said bank. This testimony was highly germane and proper.

6. Bill of exceptions No. 5 shows that appellant offered to prove by Mrs. E. M. Stewart, appellant's mother, that when she came to Cleburne the first time she saw him after he was arrested and found him in jail, that he stated to her that it was his intention and belief

at the time he signed the check described in the indictment said check was drawn upon the First National Bank at Rogers, Texas; that at the time he purchased the goods from Mr. Ed Gregory, he informed him that he had money deposited in said bank and wished to use it in payment of the goods which he purchased from Mr. Douglass. This testimony was not admissible, same being self-serving. Nor would the fact that the mother told defendant that she had neglected to put his money in the Bank at Rogers and defendant cried, be admissible.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*